UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDALL LAHR,                              )
                                           )
       Plaintiff                           )
                                           )
   vs.                                     )   CAUSE NO. 3:03-CV-432 RM
                                           )
KEITH WILSON, *et al.*,                    )
                                           )
       Defendants                          )

OPINION AND ORDER

Randall Lahr submitted a complaint under 42 U.S.C. § 1983 against Indiana State Prison employees Keith Wilson, Linda Morris, and Donna Southward. The court screened the complaint pursuant to 28 U.S.C. § 1915A and allowed Mr. Lahr leave to proceed against the defendants in their personal capacities for damages on his claims that Mr. Wilson denied him a medical diet, Ms. Morris denied him medical care, and Ms. Southward failed to deduct time from his projected release date. The defendants seek summary judgment on the questions of whether defendant Wilson was personally involved in removing his name from the log of medically prescribed diets, whether Mr. Lahr exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) regarding the orthopedic boots and other medical treatment, and whether Ms. Southward failed to deduct time from his sentence. Mr. Lahr has responded to the defendants' summary judgment motion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.

In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

The facts establish that on about May 6, 2003 Mr. Lahr informed defendant Wilson that he was prescribed a diet tray. Mr. Wilson was informed that Mr. Lahr was not to receive a medically prescribed diet tray, and told Mr. Lahr to contact the Prisoner's Dining Room ("PDR")Supervisor or a doctor about not being on the diet tray list. Mr. Wilson says in his declaration that he didn't remove Mr. Lahr's name from the diet tray list, that he had no authority to take Mr. Lahr's name off

the list for a diet tray, and that only the PDR Supervisor or a doctor can place or remove an inmates name from the diet tray list.

Mr. Lahr argues in response that defendant Wilson removed his name from the diet tray list, but his affidavit doesn't address this claim. Mr. Lahr has not provided any proof that defendant Wilson removed his name from the diet tray list.

Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must establish facts showing the defendant's participation or direct responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

Mr. Wilson has denied under oath that he had any personal involvement in denying Mr. Lahr a medically prescribed diet tray. Defendant Wilson's summary judgment motion pointed out the fact and law that would keep Mr. Lahr from succeeding on his claim against him, *see* Timms v. Frank, 953 F.2d 281, 285-86 (7th Cir. 1992); Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). Because the defendant met his initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. Lahr to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, to allow a factfinder to decide the case in his favor. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Where a non-moving party does not make such a

3

showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 884 (1990), *citing* Celotex Corp. v. Catrett, 477 U.S. at 323. Mr. Lahr has not met that burden because the record contains no admissible evidence that defendant Wilson had any personal involvement in denying him a medically prescribed diet. Mr. Wilson is entitled to summary judgment on this claim.

The Prison Litigation Reform Act amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to provide that prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Pursuant to § 1997e(a), a prisoner must exhaust available administrative remedies before bringing an action with respect to prison conditions. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). If the Indiana Department of Correction has a grievance procedure and the alleged failure of the defendants to protect Mr. Lahr was grievable, then § 1997e(a) requires that he grieve the matter before filing a civil complaint.

Mr. Lahr alleges that defendant Morris denied him orthopedic shoes and other medical care. The defendants argue that this claim is barred because Mr. Lahr did not exhaust the available grievance procedures, and submit the

4

declaration of Indiana State Prison grievance specialist Lynette Gray. Her declaration describes the Indiana Department of Correction Grievance Procedure and the steps a prisoner must take to file and exhaust a grievance. She states that Mr. Lahr filed a grievance regarding defendant Morris's failure to give him new orthopedic boots, but that he didn't proceed past step one. Ms. Gray declares that she has searched the records of the Indiana State Prison and if Mr. Lahr had exhausted the grievance process, there would be a record of it. Defendants' Exhibit A is "The Operational Procedures for the Offender Grievance Process." Defendants' exhibit B is Mr. Lahr's step one grievance and the response to the grievance. Citing 42 U.S.C. § 1997e(a), the defendants contend that Mr. Lahr did not exhaust his available administrative remedies.

Mr. Lahr states in response that he exhausted all five steps necessary to exhaust the grievance procedure, but the only grievance submitted is the "Step 1" form filed by Mr. Lahr on February 2, 2002. Having not exhausted all of the steps in the grievance procedure, Mr. Lahr did not exhaust his administrative remedies. Therefore this claim must be dismissed pursuant to 42 U.S.C. § 1997e(a).

Mr. Lahr alleges that defendant Southward failed to deduct 730 days from his projected release date. The defendants argues that Mr. Lahr is serving the correct sentence based upon the credit time laws and procedures and the sentence ordered by the Grant County Superior Courts. In support of their motion, the defendants submit the declaration of Randall Short and copies of documents from the Indiana Offender Information Service including abstracts of judgment. Mr. Short declares that on April 26, 1999, Mr. Lahr was sentenced to 20 years, and credited with 322 days in jail prior to sentencing. On December 16,

1999, Mr. Lahr was sentenced to eight years to be served consecutive to the 20-year sentence, and credited with 316 days in jail prior to sentencing. On June 5, 2000, Mr. Lahr was sentenced to two years to be served consecutive to the 20-year sentence.

 Mr. Lahr began serving his 20 year sentence on June 8, 1998 based on the deduction of the 322 days jail credit. Mr. Lahr only earned 102 days of credit time from May 23, 2001 through December 13, 2001, and lost 300 days credit time for disciplinary violations. Mr. Lahr's projected release date on the 20-year sentence is December 25, 2008. He will begin serving his two-year sentence on December 26, 2008 with a projected release date of December 25, 2009 (assuming he remains in credit class one). Mr. Lahr will begin serving his eight-year sentence on February 14, 2008—a date determined by starting on December 26, 2008 and deducting 316 days jail credit. His projected release date on that sentence is February 13, 2012.

 Mr. Lahr argues that the calculations are incorrect. He claims he should be given 30 days credit for time at the Reception Diagnostic Center ("RDC"), but that facility is part of the Indiana Department of Corrections ("IDOC"). Those 30 days are treated as part his time served in IDOC. He alleges that his good time has been improperly calculated. As proof he submits Offender Information System pages dated December 7, 2000, and August 8, 2001 respectively. The Offender Information System pages submitted by the defendants are all dated December 13, 2004.

 Mr. Lahr alleges that he should be given a two-year credit for the 1999 Count III obstruction of justice charge which had a two-year sentence. The

6

Abstract of Judgment makes clear that the two year sentence was included in the Count I forgery sentence of eight years, for which Mr. Lahr got 316 days jail credit. The Sentence Summary makes no mention of a two-year sentence for obstruction of justice, indicating he is not serving any time on that count.

Mr. Lahr, in his response to the defendants' motion for summary judgment, alleges that the Sentence Detail Sheet dated December 7, 2000 is incorrect because he returned to credit class 2. However, the Sentence Detail Sheet is only information regarding that specific sentence without regard to credit class. Mr. Lahr's arguments all seem to stem from the 30 days he believes should have been deducted while he was at RDC. That time should not have been treated any differently than time at any Indiana Department of Corrections facility. Nothing in the summary judgment record would allow a finding that Mr. Lahr's projected release date is incorrect or that defendant Southward failed to deduct the appropriate time from his sentence. Defendant Southward is entitled to summary judgment on this claim.

For the foregoing reasons, the court **GRANTS** the defendants' motion for summary judgment (docket #31).

SO ORDERED.

ENTERED: July 18 , 2005

                                      /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United States District Court